# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

KEITH RANIERE,

                    Plaintiff,                  Docket No.:

-against-

                                              **COMPLAINT**

UNITED STATES OF AMERICA and
THE BUREAU OF PRISONS,

                    Defendant.

--------------------------------------------------------X

TO THE CLERK OF THIS COURT and the Defendant UNITED STATES OF AMERICA,

Plaintiff KEITH RANIERE, by and through his attorney AARON M. GOLDSMITH, ESQ., for

his Complaint against Defendant herein, alleges upon information and belief:

## The PARTIES

1. Plaintiff is, and was at all relevant times hereinafter mentioned, a citizen of the United States of America.

2. At all times hereinafter mentioned, the UNITED STATES OF AMERICA, is the sovereign Government thereof, with all its agencies being inclusive therewith.

3. At all times hereinafter mentioned, the U.S. BUREAU OF PRISONS is an agency of Defendant UNITED STATES OF AMERICA, within the UNITED STATES DEPARTMENT OF JUSTICE, with primary responsibilities including the administration and management of individuals sentenced to a term of incarceration following a conviction in a Federal Court.

## JURISDICTION

4. 28 USC §1331 confers jurisdiction on matters involving Federal law(s) and agencies.

5. Under 28 USC §1346, a District Court may hear claims with the UNITED STATES OF AMERICA as any party therein, regardless of underlying Federal Question, against the United States Government and any agency therewith.

6. Under the Federal Tort Claims Act, 28 USC §2671 *et seq.*, a civilian may bring an action for monetary relief against an agency of the United States Government, for the commission of a tort by said agency and/or its employees, agents and authorized representatives.

## VENUE

7. The Venue for this proceeding is properly held before the Eastern District of New York.

8. Plaintiff was at various times, including but not limited to January 27, 2019 through February 3, 2019, an inmate held at the Metropolitan Detention Center in Brooklyn, New York, hereinafter referred to as "MDC Brooklyn."

9. MDC Brooklyn is located in the Eastern District of New York.

10. MDC Brooklyn is and was at all times relevant, a facility operated by Defendant BUREAU OF PRISONS.

## RELIEF REQUESTED

11. Plaintiff hereby demands this Court grant him Judgment, pursuant to 28 USC §2671, *et seq.*, for monetary damages against the Defendants in a sum to be determined, but greater than the jurisdictional limits of this Court.

## PRE-REQUISITE SATISFACTION

12. Plaintiff has satisfied the pre-requisites of commencing an action under 28 USC §2671, *et seq.*

13. On or about December 23, 2020, Plaintiff timely filed an Administrative Tort Claim form, known as an "SF 95," with Defendant BUREAU OF PRISONS' Northeast Regional Office.  A copy of said claim form is attached hereto and made a part hereof.

14. On or about February 8, 2021, Defendant BUREAU OF PRISONS's Regional Counsel acknowledged receipt of same.  A copy of said receipt letter is attached hereto and made a part hereof.

15. Defendant BUREAU OF PRISONS failed to reach a resolution with Plaintiff during the six (6) month period allotted by statute under 28 CFR §14.4(b) and 28 USC §2675(a).

16. Plaintiff has not received any monetary damages nor compensation from Defendant BUREAU OF PRISONS for the tort(s) claimed therein.

17. Plaintiff has not previously filed any action before this, nor any other Court of competent jurisdiction to date.

18. Plaintiff has timely filed this action, having received a Denial of his Administrative Claim on February 25, 2026.  Stating in sum and substance,

> Dear Mr. Ranieri, This office has received your administrative claim in which you seek compensation for alleged personal injuries related to a power outage at the Metropolitan Detention Center between January 27th, 2019, and February 3rd, 2019.
> After review, and pursuant to Section K of the Settlement Framework entered into by the parties in *Scott et al. v. United States* No. 19-CV-1075-ERK-TK and then in parentheses, EDNY, your claim is hereby denied.
> If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six months of the date of this letter. Sincerely, A.M. Johnson, Regional Counsel.

19. Plaintiff is not precluded from filing this action under 28 USC §2676.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats and reiterates each allegation contained in paragraphs 1 – 19 as if more fully and completely stated herein.

21. During the dates of January 27, 2019 through February 3, 2019, Plaintiff was a pre-trial inmate being held in custody at MDC Brooklyn in Unit I-62, Cell 4-24.

22. Defendant BUREAU OF PRISONS is the agency of Defendant UNITED STATES GOVERNMENT, under the branch of the US DEPARTMENT OF JUSTICE, that has the duty of "…[protecting] public safety by ensuring that federal offenders serve their sentences of imprisonment in facilities that are safe, humane, cost-efficient and appropriately secure…."    BOP: About Our Agency

23. During the week prior to January 27, 2019, Unit I-62 experienced a loss of heat. Inmates housed in the Unit, including Plaintiff, complained to guards, acting as agents of Defendant, within their roles and responsibilities as agents thereof.

24. Upon information and belief, guards working in and around Unit I-62 notified other agents and/or employees of Defendant of the loss of heat; with a request for evaluation and repair.

25. On or about January 27, 2019, MDC Brooklyn experienced a fire, causing damage that resulted in a massive power outage in the West Building on or about January 27, 2019. As a result of the power outage, there was no electricity; few functioning lights; little to no heat; no access to laundry, no hot nor fresh food; no clean drinking water; no scheduled meals; no showers; no medical care; no exercise or communication with family or even legal counsel.

26. Conditions reported by inmates, including Plaintiff, to their respective friends, family and counsel, were so poor that a number of local and national media outlets reported on the situation.

No Heat for Days at a Jail in Brooklyn Where Hundreds of Inmates Are Sick and 'Frantic' - The New York Times

https://www.nytimes.com/2019/02/13/podcasts/the-daily/federal-jail-heat-power-brooklyn.htm

'Longstanding' issues at a Brooklyn federal lockup caused inmates to freeze for days: Report - ABC News

27. Inmates, including Plaintiff, had no access to adequate clothing or materials, as the outside temperatures during the relevant dates of January 30 through February 2, 2019 had daily lows ranging from one (1) degree to ten (10) degrees Fahrenheit.  Daily lows on January 27, 28, 29 and February 3 ranged from twenty-five (25) degrees to twenty-seven (27) degrees Fahrenheit.

28. Defendant BUREAU OF PRISONS, by and through its officers, directors, employees and agents, were notified of the power outage at MDC Brooklyn.

29. Defendant BUREAU OF PRISONS, by and through its officers, directors, employees and agents, knew or should have known of the sub-freezing temperatures.

30. Inmates, including Plaintiff, were not provided with additional clothing and were not provided with additional blankets to protect from the freezing temperatures that even the inside of MDC Brooklyn reached.

31. Not only were inmates, including Plaintiff, denied additional protective clothing and blankets, some of the guards, working as agents of Defendant BUREAU OF PRISONS, took blankets from inmates for themselves during shifts.

32. Additionally, inmates including Plaintiff, were kept on lockdown and were prohibited from movement within the facility.  In fact, Plaintiff recalls that on at least two (2) of the relevant nights in question, ice formed and remained frozen in his cell.

33. House Judiciary Committee Chair Congressman Jerrold Nadler referred to the conditions as a "humanitarian crisis" when, joined by several other members of both House and Senate, sent a letter to the Department of Justice's Office of Inspector General on February 6, 2019, calling for an immediate investigation.

34. Defendant BUREAU OF PRISONS, by and through its officers, directors, employees and agents, had notice of the failed heating system since several days prior to January 27, 2019.

35. Despite being aware of the power outage, Defendant BUREAU OF PRISONS by and through its officers, directors, employees and agents failed to properly maintain, repair, replace and otherwise correct the power and heating in MDC Brooklyn until on or about February 4, 2019.

36. By so failing to properly maintain, repair, replace and otherwise correct the power and heating in MDC Brooklyn between January 27 and February 3, 2019, Defendant BUREAU OF PRISONS by and through its officers, directors, employees and agents, were negligent in performing their duties owed to Plaintiff and all other inmates therein.

37. As a result of Defendant BUREAU OF PRISONS' negligence, by and through its officers, directors, employees and agents, Plaintiff was exposed to a prolonged period of extreme and freezing cold temperatures; darkness; lack of clean air, appropriate food, clean water, adequate clothing and prevented from personal hygiene.

38. As a result of Defendant BUREAU OF PRISONS' negligence, by and through its officers, directors, employees and agents, Plaintiff was caused to suffer physical injuries; including pain; cold sweats; congestion; sore throat; chest pain; headaches; lightheadedness; sleeplessness; high blood pressure; asthma; skin rash(es) and rigor/convulsions from the extreme temperature.

39. As a result of Defendant BUREAU OF PRISONS' negligence, by and through its officers, directors, employees and agents, Plaintiff was caused to suffer and sustain permanent physical injuries and/or the exacerbation of pre-existing health conditions including but not limited to asthma, pain and musculoskeletal conditions of his back and spine.

40. As a result of Defendant BUREAU OF PRISONS' negligence, by and through its officers, directors, employees and agents, Plaintiff continues to suffer from these injuries and/or exacerbation of pre-existing health conditions.

41. Plaintiff suffered these injuries and exacerbation of pre-existing health conditions during the relevant dates of January 27, 2019 through February 3, 2019, through no fault nor contribution of his own.

## CONCLUSION

The Defendants, by and through their agents, acted in a negligent fashion during the dates of January 27, 2019 through February 3, 2019 at the Brooklyn MDC, by failing to keep said facility in good and reasonably safe conditions, causing Plaintiff pain and to suffer permanent physical injury and/or exacerbation of pre-existing health conditions as described above.

## AD DAMNUM

As a result thereof, this Court must issue an Order of Monetary Judgment in favor of Plaintiff and against Defendants in an amount to be determined, but not less than the jurisdictional limits of this Court; and for such other and further relief as this Court deems just and proper.

Dated: June 23, 2026
        New York, NY

_____
AARON M. GOLDSMITH, ESQ.
Attorney for Plaintiff
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
*aarongoldsmithlaw@gmail.com*

TO:

DEPARTMENT OF JUSTICE
BUREAU OF PRISONS
Northeast Regional Office
US Customs House, 7th FL
200 Chestnut Street
Philadelphia, PA 19106