**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 24, 2026

**BY ECF**
Honorable Fredrick Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Raniere v. United States of America*, No. 1:26-cv-04421(Block, J.) (Eshkenazi, M.J.)

Dear Judge Block,

This Office writes to bring to the Court's attention that Defendants United States of America and Federal Bureau of Prisons ("BOP") (collectively "Defendants") have not been served in the above-referenced matter brought by Plaintiff Keith Raniere ("Plaintiff") as required by Federal Rule of Civil Procedure ("FRCP") 4(i). This Office is aware of the action because of a courtesy call from the Court.

## I. Relevant Factual Background

Plaintiff asserts personal injury claims under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq., stemming from the power outage at the Metropolitan Detention Center ("MDC") in Brooklyn, New York in January 2019.[1] *See* Compl., ECF 1. During the relevant period (January 27, 2019 and February 3, 2019), Plaintiff was in custody at MDC as a pre-trial inmate. *Id.* ¶ 21. Plaintiff claims to have sustained injuries from exposure to cold temperatures during that period. *Id.* ¶¶ 37-41.

## II. Relevant Procedural Background and Service

Shortly after the power failure in January 2019, a putative class action was brought on the adults in custody at the MDC. *See Scott v. United States,* No. 1:19-CV-1075-ERK-TK. *Scott* was ultimately resolved and dismissed on August 19, 2025. Plaintiff, who had filed an administrative claim with the BOP in 2020, did not accept the settlement offer.

On February 25, 2026, BOP denied Plaintiff's claim. Compl. ¶ 18. On July 22, 2026, Plaintiff filed the instant action. On August 3, 2026, Plaintiff's proposed summons was accepted

[1] The BOP is not a proper defendant in this action. The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their employment. 28 U.S.C. § 2679.

by the Court and issued to BOP. ECF 7. No summons was issued to the United States. *See id*.

Service has not been effectuated on this Office nor on BOP. FRCP 4(i)(1) details how to effectuate service on the United States and its agencies: (A) service by hand or registered or certified mail on the local United States Attorney's Office; (B) service by registered or certified mail to the Attorney General of the United States in Washington D.C; and (C) service by registered or certified mail to the relevant agency. *See* Fed. R. Civ. P. 4(i)(1). *See also Mares v. United States*, 627 F. Appx 21, 23 (2d Cir. 2015) (upholding dismissal for failures to comply with FRCP 4(i)). The 60-day period to respond to a complaint commences with service on the United States Attorney. See Fed. R. Civ. P. 12(a)(2).

Further, FRCP 4(m) mandates dismissal without prejudice "[i]f a defendant is not served within 90 days after the complaint is filed[.]" Plaintiff filed his complaint on July 22, 2026—more than 90 days ago—and service was not effectuated.

Defendants note that BOP denied Plaintiff's administrative claim on January 23, 2026. Thus, if this matter is dismissed for failure to effectuate service, refiling would not be within six months as required for the filing of a FTCA action after denial of the administrative claim as provided in 28 U.S.C. § 2401(b). *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (giving district courts broad discretion when "dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice . . . so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties.").

Defendants thank the Court for its time and consideration.

Respectfully submitted

JOSEPH NOCELLA, JR.
United States Attorney

By: *<u>/s/ Daniel Conte</u>*
Daniel V. Conte
Assistant U.S. Attorney
(718) 254-6076
Daniel.Conte@usdoj.gov

cc: **<u>VIA ECF</u>**
Aaron M. Goldsmith, Esq.
*Counsel for Plaintiff*